## McFarland's Estate.

*Legacy to debtor does not release debt—Retainer—Practice, O. C.*

1. A legacy to testator's debtor does not work a release of the debt, and the legacy is to be applied in payment of the debt.

2. When an action at law is pending at the time of the audit to determine the validity of the alleged debt, the auditing judge will direct the accountant to retain the amount of the legacy until the issue is determined.

Exceptions to adjudication.  O. C. Phila. Co., Oct. T., 1921, No. 699.

*Winfield W. Crawford* and *Henry S. Borneman,* for exceptant.

*Joseph R. Embery,* contra.

HENDERSON, J., March 4, 1922.—The exceptant is indebted to the testator in the sum of nearly $25,000, for which sum judgments are of record. By his will the testator provided for the exceptant as follows:

"I give and bequeath one-half of the purchase money derived from the sale of premises numbered 4307, 4309, 4311 and 4313 Waln Street after deducting one-half of the mortgages against said properties, collateral inheritance tax and one-half of the expenses attached to said sales unto my brother (the exceptant) absolutely."

Proceedings are pending in the Court of Common Pleas to open and set aside these judgments, and the auditing judge directed the accountant to retain the amount of the legacy until this issue was determined. Exceptions were filed on the theory that, under the foregoing language in the will, the exceptant was entitled to the legacy, even though the judgments were not set aside.

It is contended that when the testator gave the exceptant one-half of the purchase money of four properties "after deducting one-half of the mortgages against said properties, collateral inheritance tax and one-half of the expenses attached to the said sales," he intended thereby that the amount of the legacy should not be used as a payment on account of the amount owing the estate by the exceptant. It is contended, further, that as the testator has fixed the deductions to be made from the sale price, nothing further should be deducted. The language employed by the testator does not justify such an inference; it merely indicates that the exceptant was to take one-half of the net proceeds of these four houses.

The will is silent as to the large sum owing by the exceptant, and it is argued that it is unlikely that the testator would give the exceptant a legacy of a few hundred dollars if he did not intend him to take it clear of his debt. While this is plausible, we cannot escape the fact that the testator has not exonerated the debt. The explanation of the testator's action may be due to the fact that these judgments were acquitted and the testator failed to mark them satisfied. If such be the fact, they may be opened and set aside.

In re Taylor, 1 Law Reports, Chancery Division (1894), 671, Mr. Justice Chitty said:

"Under the gift to the executors, they have in hand a sum of 1256 pounds, representing the profits on the testator's share in the partnership. These profits are given to his son Herbert. It is argued for Herbert and his assignees that there is no right of retainer, because the gift of these profits is a specific gift. The law is settled that, as against a specific devise which is outside the duties of the executors, there is no retainer. It is equally plain that in the case of a specific bequest of leaseholds there is likewise no right of retainer. The two things cannot be measured one against the other, and the

McFarland's Estate.

same rule prevails also in the case of specific chattels. If in such cases the right did exist, it would be, not a right of retainer, but of lien.

"Now, if this rule were universal, there would be no right of retainer in the present case. But I find here on either side a liquidated demand. The executors have money in hand payable to the legatee, and I think I should be unnecessarily narrowing the doctrine of retainer were I to hold that the right did not exist in this case. The person to pay and the person to receive is the same. The mass of the estate is diminished by the non-payment of a debt which is due to the testator's estate from the legatee. In my opinion, the executors have the right of retaining these profits as against the debt due from the legatee."

The exceptions are dismissed and the adjudication is confirmed absolutely.

NOTE.—See Young's Estate, 30 Dist. R. 182.